ANDRÉS QUINTANA REYES, demandante y apelante, *v.* LA CAPITAL DE PUERTO RICO, demandada y apelada.

Núm. 6970.—*Sometido:* Mayo 24, 1937. *Resuelto:* Noviembre 26, 1937.

*Andrés Quintana Reyes,* por su propio derecho; *Juan Valldejuli Ro-dríguez,* abogado de la apelada; *Antonio L. López,* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

#### EN MOCIÓN DE RECONSIDERACIÓN

■ El apelante, entre otras razones alegadas para solicitar la reconsideración de nuestra sentencia, sostiene que dejamos de discutir el quinto señalamiento de error, relativo a la cancelación que se ordenó del título de Cipriano Manrique, cedente del aquí demandante y apelante, que lee como sigue:

"Erró la corte inferior también, actuando con notoria injusticia y con pasión, prejuicio y parcialidad al despojar como despoja por la sentencia del caso a Cipriano Manrique Gil, que no ha sido parte en este caso ni se le ha dado la oportunidad de su día en corte, de su derecho a mantener la inscripción del título de propiedad inmueble, adquirido de buena fe y al amparo de la ley, violándose un precepto constitucional, previsto en la sección 2 de nuestra Carta Orgánica, y las disposiciones terminantes del artículo 82 y párrafo último del artículo 83 de la Ley Hipotecaria, y la numerosa, constante y no interrumpida jurisprudencia de este alto tribunal, sobre la materia que señalaremos en el curso de la argumentación de este error."

El alegato del apelante era muy extenso y se incorporaron en él un sinnúmero de materias ajenas a un alegato, y en el análisis final la omisión no era vital. Veamos.

■■ En primer lugar, sería Cipriano Manrique quien podría quejarse más propiamente de la omisión de no habérsele hecho parte, y de tener él algunos derechos que fueron perdidos con motivo de la cancelación, la sentencia recaída en este pleito no le obligaría.

El día de la vista Quintana Reyes sostuvo, si lo entendemos bien, que si la inscripción hecha a favor de Manrique no era cancelada, él, Quintana, tendría derecho a alegar un título a base del título de Manrique; que si éste hubiera sido

.demandado habría podido aducir argumentos que hubieran sostenido su propio título y en su consecuencia la reclamación de Quintana. Como testigo Manrique tuvo tal oportunidad, o Quintana quizá pudo haberla desarrollado.

Quintana tuvo otra oportunidad, y fué haber requerido de saneamiento y evicción a la persona de quien compró. No adoptó esta medida y de conformidad con el artículo 1370 del Código Civil, ed. 1930, tal omisión relevaría a Manrique de su obligación al saneamiento.

Somos necesariamente del criterio de que todos los derechos de Manrique y especialmente cualesquiera derechos de acción o defensa pasaron a Quintana. Lo que el registro contenía eran solamente inscripciones a favor de este último. Por tanto, el municipio tenía derecho a solicitar la cancelación de todas las inscripciones posteriores a aquélla en favor de la persona de quien hubo originalmente, De la Cruz, que militaban contra dicho municipio.

Los otros fundamentos que nos presenta la moción de reconsideración han sido suficientemente discutidos en nuestra opinión principal emitida el 5 de marzo de 1937.

*Debe declararse sin lugar la moción de reconsideración.*

El Juez Asociado Señor Córdova Dávila no intervino.